UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-40031

MARISOL CABRERA
    Plaintiff,

v.

SGT. JOAQUIN KILSON, and the
FITCHBURG POLICE DEPARTMENT, and
MR. PHILIP RIVERS and RICHARD HAJJAR,
    Defendants,

### DEFENDANT KILSON'S ANSWER TO VERIFIED COMPLAINT

### PARTIES

This section names the parties to the lawsuit. The defendant is without sufficient information to admit or deny the allegations that the plaintiff is a resident of the Commonwealth and a citizen of the United States, or that she is disabled and receiving SSI, or that she has a lawfully established tenancy at 168 Lunenburg Street in Fitchburg.

The defendant admits that he is a member of the Fitchburg Police Department.

The defendant is without sufficient information to admit or deny the allegations that defendants Rivers and Hajjar are the landlords of 168 Lunenburg Street in Fitchburg.

### VERIFIED COMPLAINT

1. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.

3. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 3.

4. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 4.

5. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 5.

6. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 6.

7. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 7.

8. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 8.

9. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 9.

10. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 10.

11. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 11.

12. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 12.

13. The defendant admits that on January 25, 2005 he entered the apartment of the plaintiff and arrested her for trespassing but denies the remaining allegations contained in paragraph 13.

14. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 14.

15. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 15.

16. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 16.

17. The defendant denies the allegations contained in paragraph 17.

18. The defendant denies the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19.

20. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 20.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim upon which relief can be granted.

**Second**

The plaintiff has time barred by the statute of limitations from asserting a claim against the defendant.

**Third**

The plaintiff has waived liability against the defendant.

**Fourth**

The plaintiff has released the defendant from any and all liability.

**Fifth**

Any of the alleged injuries sustained by the plaintiff are the direct result of her own acts

or omissions.

**Sixth**

Any of the alleged injuries sustained by the plaintiff are the direct results of the acts and/or omissions of a third party.

**Seventh**

The defendant is qualifiedly immune from liability.

**Eighth**

None of the alleged actions by the plaintiff of the defendant amount to a federal or state constitutional or statutory violation.

### DEFENDANT SGT. JOAQUIN KILSON'S CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANTS PHILIP RIVERS AND RICHARD HAJJAR

1. The defendant is Sgt. Joaquin Kilson in the action brought by the plaintiff Marisol Cabrera, Worcester Superior Court Civil Action No. 05-156.

2. The co-defendants are Philip River and Richard Hajjar.

3. Both Philip Rivers and Richard Hajjar have been sued by the plaintiff for nuisance (Count II) and common law trespass to real estate (Count IV).

### COUNT I. (Indemnity)

### Sgt. Joaquin Kilson v. Philip Rivers and Richard Hajjar

4. Kilson repeats and reasserts his allegations contained in paragraph 1 through 3.

5. According to the allegations in the Complaint, Philip Rivers and Richard Hajjar as owners of 168 Lunenburg Street, Fitchburg, MA have committed the tort of nuisance and common law trespass to real estate, causing property damage to the plaintiff.

6. If the plaintiff did incur property damage, the damages were due in whole or in part to the negligence, nuisance and trespass of Philip Rivers and Richard Hajjar. In the event of finding in interest of the favor against Kilson, then the co-defendants Philip Rivers and Richard Hajjar are obligated to indemnify Kilson in whole or in part for the amount of finding or judgment for damages that might enter as against Kilson.

## COUNT II. (Contribution)

7. Kilson repeats and reasserts his allegations contained in paragraph 1 through 6.

8. If the plaintiff was injured or damaged as alleged, then the damages were due in whole or in part to the nuisance, negligence and common law trespass of co-defendant Philip Rivers and Richard Hajjar.

9. In the event of finding in interest of the favor against Kilson, then the co-defendants Philip Rivers and Richard Hajjar are obligated to indemnify Kilson in whole or in part for the amount of finding or judgment for damages that might enter as against Kilson

WHEREFORE, the defendant, Sgt. Joaquin Kilson, demands judgment against the co-defendants, Philip Rivers and Richard Hajjar in the sum of any finding or judgment for damages that might enter as against the defendant Sgt. Joaquin Kilson plus interest and costs.

DEFENDANT, SGT. JOAQUIN KILSON DEMANDS A TRIAL BY A JURY ON ALL ISSUES.

Defendant, Sgt. Joaquin Kilson
By his attorney,

/s/Stephen C. Pfaff
Douglas I. Louison BBO# 545191
Stephen C. Pfaff BBO# 553057
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 24th day of February, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to: John A. Bosk, Esquire, P.O. Box 486, Fitchburg, MA 01420, Nancy Frankel Pelletier, Esquire, Robinson Donovan, P.C. 1500 Main Street, P.O. Box 15609, Springfield, MA 01115 and George Watts, Esquire George Watts Law Office, 169 Prichard Street, P.O. Box 7661, Fitchburg, MA 01420.

/s/Stephen C. Pfaff
Stephen C. Pfaff

P:\MPA\Kilson\Answer and Crossclaim.wpd