UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

CIVIL ACTION NO. 05-40031-FDS

MARISOL CABRERA,  )
    Plaintiff  )
      )
vs.  )
      )
SGT. JOAQUIN KILSON, and the  )
FITCHBURG POLICE DEPARTMENT and  )
MR. PHILIP RIVERS and RICHARD HAJJAR,  )
    Defendants  )

## DEFENDANT, FITCHBURG POLICE DEPARTMENT'S, ANSWER TO VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

As to the unnumbered paragraph and paragraphs 1 through 6 immediately following the same, the defendant, Fitchburg Police Department, to the extent that it exists, denies all allegations deemed to allege wrongdoing as against it.

## AS TO PARTIES

As to the first unnumbered paragraph, the defendant, Fitchburg Police Department, denies that the plaintiff lawfully established a tenancy at 168 Lunenburg Street in Fitchburg and neither admits nor denies the remaining the allegations as set forth therein.

The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in the second numbered paragraph of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in the third numbered paragraph of the plaintiff's complaint as it is without knowledge

392834

or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

## AS TO VERIFIED COMPLAINT

1. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 1 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

2. The defendant, Fitchburg Police Department, denies the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 3 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

4. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 4 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

5. The defendant, Fitchburg Police Department, denies the allegations contained in the first sentence of paragraph 5 of the plaintiff's complaint.  The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in the second sentence of paragraph 5 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

392834

6. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 6 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

7. The defendant, Fitchburg Police Department, denies so much of paragraph 7 as alleges that the plaintiff had rights to assert but neither admits nor denies the remaining allegations contained therein.

8. The defendant, Fitchburg Police Department, denies so much of paragraph 8 as is deemed to allege that rights were violated and but neither admits nor denies the remaining allegations contained therein.

9. The defendant, Fitchburg Police Department, admits that on or about January 7, 2005, a no trespass notice was issued to the plaintiff in front of the landlord who had requested police assistance and in front of the apartment lessee, Leonardo DeRosa. The defendant neither admits nor denies the remaining allegations as contained in paragraph 9.

10. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 10 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

11. The defendant, Fitchburg Police Department, admits so much of paragraph 11 as confirms that the plaintiff refused to leave the premises but neither admits nor denies the remaining allegations contained therein.

12. The defendant, Fitchburg Police Department, says that the allegations contained in paragraph 12 do not require a response as the document referred to therein speaks for itself.

392834

13. The defendant, Fitchburg Police Department, admits so much of paragraph 13 as alleges that the plaintiff had been issued a no trespass order and would be subject to arrest if found within the premises. In further answering, the defendant says that the plaintiff indicated that she understood and that she had her things ready and would be out of the apartment that night. The plaintiff failed to quit the premises and was arrested thereon. The defendant neither admits nor denies the remaining allegations contained in paragraph 13.

14. The defendant, Fitchburg Police Department, says that the allegations contained in paragraph 14 do not require a response as the document referred therein speaks for itself.

15. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 15 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

16. The defendant, Fitchburg Police Department, neither admits nor denies the allegations contained in paragraph 16 of the plaintiff's complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

17. The defendant, Fitchburg Police Department, denies the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The defendant, Fitchburg Police Department, denies the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendant, Fitchburg Police Department, denies the allegations contained in paragraph 19 of the plaintiff's complaint.

392834

20. The defendant, Fitchburg Police Department, denies the allegations contained in paragraph 20 of the plaintiff's complaint.

### SECOND DEFENSE

The defendant, Fitchburg Police Department, says that the accident as alleged in the plaintiff's complaint was not caused by any person for whose conduct the defendant is legally responsible.

### THIRD DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

### FOURTH DEFENSE

In further answering, the defendant, Fitchburg Police Department, says that the plaintiff's claim is frivolous and not made in good faith, and the defendant, therefore, demands its costs and attorney's fees pursuant to G.L. c. 231, § 6F.

### FIFTH DEFENSE

The defendant, Fitchburg Police Department, says that if plaintiff was injured as alleged, such was due to the acts or negligence of another, which constitute an intervening, superseding cause and, therefore, defendant is not liable.

### SIXTH DEFENSE

The plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

### SEVENTH DEFENSE

The defendant, Fitchburg Police Department, says that the plaintiff has failed to comply with the requirements of M.G.L. c. 258, §§ 2 and 4 and, as such, the complaint must be dismissed.

392834

**EIGHTH DEFENSE**

The defendant, Fitchburg Police Department, says that it is immune from liability in this case.

**NINTH DEFENSE**

The defendant, Fitchburg Police Department, says that the discretionary function exemption applies so as to preclude the imposition of liability in this case.

**TENTH DEFENSE**

The defendant, Fitchburg Police Department, says that M.G.L. c. 258, § 10 precludes the imposition of liability in this case.

**ELEVENTH DEFENSE**

The defendant, Fitchburg Police Department, say that it is immune from liability as defendant's actions are privileged.

**TWELFTH DEFENSE**

The defendant, Fitchburg Police Department, cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

**THIRTEENTH DEFENSE**

The defendant, Fitchburg Police Department, says that the complaint must be dismissed as against it as it has been misnamed.

**FOURTEENTH DEFENSE**

The defendant, Fitchburg Police Department, says that the claims alleged pursuant to M.G.L. c. 12, § 11H and I must be dismissed as there are no allegations of deprivation of constitutional and/or statutory rights by force, threat, intimidation, or coercion.

392834

### FIFTEENTH DEFENSE

The doctrine of qualified immunity precludes the imposition of liability.

### SIXTEENTH DEFENSE

The defendant, Fitchburg Police Department, states that any actions taken by the defendant in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement.

### SEVENTEENTH DEFENSE

The defendant, Fitchburg Police Department, says that it is immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since its conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

### EIGHTEENTH DEFENSE

The defendant, Fitchburg Police Department, states that at all times it acted reasonably, within the scope of its official discretion and with a good faith belief that its actions were lawful and not in violation of any clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

### NINTEENTH DEFENSE

The injuries for which the plaintiff is seeking damages are unrelated to the accident and, therefore, the plaintiff is not entitled to recover.

392834

**TWENTIETH DEFENSE**

The defendant, Fitchburg Police Department, states that a civil rights action against the defendant must fail since it cannot be held liable under the *respondeat superior* doctrine and the plaintiff has failed to show that the defendant caused the alleged constitutional violation.

**TWENTY-FIRST DEFENSE**

The defendant, Fitchburg Police Department's actions and conduct were reasonable under the circumstances.

**TWENTY-SECOND DEFENSE**

The defendant, Fitchburg Police Department, states that there is no evidence that defendant's conduct was extreme or outrageous.

**TWENTY-THIRD DEFENSE**

The defendant, Fitchburg Police Department, states that the plaintiff's claim must fail since the defendant was, at all relevant times, discharging discretionary functions and, thus, is entitled to immunity.

**TWENTY-FOURTH DEFENSE**

The defendant, Fitchburg Police Department, says that its acts and conduct was performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

**TWENTY-FIFTH DEFENSE**

The defendant, Fitchburg Police Department, states that plaintiff has failed to set forth an actionable claim, pursuant to 42 USC § 1983 since the plaintiff is unable to establish that there was a deliberate indifference to the rights of its inhabitants or that the alleged deficiency is related to plaintiff's alleged injuries.

392834

## TWENTY-SIXTH DEFENSE

The defendant, Fitchburg Police Department, states that the plaintiff's claims, pursuant to 42 USC § 1983, must fail since they had an adequate post deprivation remedy.

THE DEFENDANT, FITCHBURG POLICE DEPARTMENT, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                        THE DEFENDANT
                                        FITCHBURG POLICE DEPARTMENT

                                        By   */s/ Nancy Frankel Pelletier*
                                        Nancy Frankel Pelletier, Esq., of
                                        Robinson Donovan, P.C.
                                        1500 Main Street, Suite 1600
                                        Springfield, Massachusetts 01115
                                        Phone (413) 732-2301  Fax (413) 785-4658
                                        BBO No.:  5444002

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 24th day of February, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, John Bosk, Esq., P.O. Box 486, Fitchburg, MA  01420; Douglas I. Louison, Esq. and Stephen C. Pfaff, Esq., Merrick, Louison & Costello, 67 Batterymarch Street, Boston, MA  02110; and George Watts, Esq., 16 Prichard Street, P.O. Box 7661, Fitchburg, MA  01420.

Subscribed under the penalties of perjury.

                                          */s/ Nancy Frankel Pelletier*
                                        Nancy Frankel Pelletier, Esq.

392834