UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

CIVIL ACTION NO. 05-40031-FDS

MARISOL CABRERA,
        Plaintiff        )
                         )
vs.                      )
                         )
SGT. JOAQUIN KILSON, and the       )
FITCHBURG POLICE DEPARTMENT and    )
MR. PHILIP RIVERS and RICHARD HAJJAR,  )
        Defendants       )

## DEFENDANTS, PHILIP RIVERS AND RICHARD HAJJAR, ANSWER TO VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

As to the unnumbered paragraph and paragraphs 1 through 6 immediately following the same, the Defendants, Philip Rivers and Richard Hajjar, jointly and severally deny all allegations deemed to allege wrongdoing as against them.

### AS TO PARTIES

As to the first unnumbered paragraph, the Defendants, Philip Rivers and Richard Hajjar, deny that the plaintiff lawfully established a tenancy at 168 Lunenburg Street in Fitchburg and neither admit nor deny the remaining allegations as set forth therein.

The Defendants, Philip Rivers and Richard Hajjar, admit that Defendant Kilson is a member of the Fitchburg Police Department and neither admit nor deny the remaining allegations contained in the second numbered paragraph of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

The Defendants, Philip Rivers and Richard Hajjar, admit they own the premises at 168 Lunenburg Street, Fitchburg, Massachusetts, which property contains one commercial store, and several residential apartments.

## AS TO VERIFIED COMPLAINT

1.    The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the allegations contained in paragraph 1 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

2.    The Defendants, Philip Rivers and Richard Hajjar, admit the allegations contained in paragraph 2 of the plaintiff's complaint, stating further that the said Leonardo DaRosa has limited ability to understand English.

3.    The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the allegations contained in paragraph 3 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof, stating further that the said Leonardo DaRosa paid monthly rent of $500.00 for September, October and November 2004.

4.    The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the allegations contained in paragraph 4 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

5.    The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in the first sentence of paragraph 5 of the plaintiff's complaint stating that the said Leonardo DaRosa was served a Notice to Quit on November 9, 2004, a copy of which is attached as Exhibit A.  The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the remaining allegations contained in paragraph 5 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

6.    The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 6 of the plaintiff's complaint.

7.    The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 7 of the plaintiff's complaint.

8.    The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 8 of the plaintiff's complaint.

9.    The Defendants, Philip Rivers and Richard Hajjar, admit that on or about January 7, 2005, a no trespass notice was issued to the plaintiff by the Fitchburg Police in the presence of Leonardo DeRosa, and neither admit nor deny the remaining allegations as contained in paragraph 9 of the plaintiff's complaint.

10.    The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the allegations contained in paragraph 10 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

11.    The Defendants, Philip Rivers and Richard Hajjar, admit so much of paragraph 11 as confirms that the plaintiff refused to leave the premises but neither admit or deny the remaining allegations contained therein.

12.    The Defendants, Philip Rivers and Richard Hajjar, say that the allegations contained in paragraph 12 do not require a response as the document referred to therein speaks for itself.

13.    The Defendants, Philip Rivers and Richard Hajjar, admit that Marisol Cabrera was removed from the premises on January 25, 2005.

14.    The Defendants, Philip Rivers and Richard Hajjar, say that the allegations contained in paragraph 14 do not require a response as the document referred therein speaks for itself.

15.    The Defendants, Philip Rivers and Richard Hajjar, admit the allegations contained in paragraph 15 in that the said Marisol Cabrera was not a tenant entitled to civil process.

16.    The Defendants, Philip Rivers and Richard Hajjar, neither admit nor deny the allegations contained in paragraph 16 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the plaintiff to her burden of proof.

17.   The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 17 of the plaintiff's complaint.

18.   The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 18 of the plaintiff's complaint.

19.   The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 19 of the plaintiff's complaint.

20.   The Defendants, Philip Rivers and Richard Hajjar, deny the allegations contained in paragraph 20 of the plaintiff's complaint.

### SECOND DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

### THIRD DEFENSE

In further answering, the Defendants, Philip Rivers and Richard Hajjar, say that the plaintiff's claim is frivolous and not made in good faith, and the Defendants, therefore, demand their costs and attorney's fees pursuant to G.L.c.231, § 6F.

### FOURTH DEFENSE

The Defendants, Philip Rivers and Richard Hajjar, state that any actions taken by them in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement, including, but not limited to the provisions of M.G.L. Chapter 139, Section 19.

### FIFTH DEFENSE

The plaintiff's complaint should be dismissed in that Leonardo DeRosa vacated the premises pursuant to Worcester Housing Court Agreement for Judgment dated February 11, 2005 in the case of Rivers, et al v. DeRosa NO.05-SP-00088.

THE DEFENDANTS, PHILIP RIVERS AND RICHARD HAJJAR, HEREBY DEMAND A
TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> Respectfully submitted,
> PHILIP RIVERS
> RICHARD HAJJAR
> By their attorney
>
> George E. Watts, Esquire
> 169 Prichard Street
> P. O. Box 7661
> Fitchburg, MA 01420
> Phone (978)342-7036
> BBO #517960

DATED; March 2, 2005

## CERTIFICATE OF SERVICE

I, George E. Watts, Esq., hereby certify that on this 2nd day of
March, 2005, I served a copy of the above upon the parties in the
action by mailing, postage prepaid, to counsel, John Bosk, Esq., P.O.
Box 486, Fitchburg, MA 01420; Douglas I. Louison, Esq. and Stephen C.
Pfaff, Esq., Merrick, Louison & Costello, 67 Batterymarch Street,
Boston, MA 02110; and Nancy Frankel Pelletier, Esq., Robinson Donovan,
P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115.

Subscribed under the penalties of perjury.

> George E. Watts, Esquire

RiversHajjarAnswer 3-2-05

Date _11-9-04_

**30 Day Notice To Quit**

Re: _Philip Rivers_
Vs: _Leonardo Darosa_

Dear _Leonardo,_ ,

**According to your tenant at will agreement, you are hereby notified to quit and deliver up in thirty (30) days from the receipt of this notice, the premises now held by you as** _Philip Rivers_ **tenant, namely:**

_Leonardo Darosa_
_168 Lunenburg St 1R_
_Fitchburg, MA 01420_

**I do not wish to continue the tenancy agreement.** _Illegal activities have been taken place and this constitutes eviction immediately._

**Please be advised that you are to vacate** _168 Lunenburg St 1R_ **, by 12:00 a.m. on** _Jan 1, 2005_ **. Please remove all furniture and personal possessions. Also return keys to** _Surfside Pools - 139 Lunenburg St Fitch_ **. You will be responsible for all costs incurred cleaning and repainting the premises in order to return them to rental conditions. If the apartment is not left in a clean orderly condition.**

**If you do not vacate the premises in thirty days,** _Philip Rivers_
**Will ask the court for an eviction order against you.**

**Sincerely,**

_Philip M Rivers_
_139 Lunenburg St_
_Fitchburg, MA 01420_

EXHIBIT __A__